UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ALLSTATE INSURANCE COMPANY,

                                   Docket No.:

                    Plaintiff,

            -against-                        **COMPLAINT**

VITALITY PHYSICIANS GROUP PRACTICE P.C.,
a/k/a VITALITY PSYCHIATRY GROUP, MITCHELL
CABISUDO, SEAN CAVANAUGH, PATRICIA
MURPHY, JANE DOE, a fictitious name, SARAH
PERLIK, JESSICA SCHAEFER, and DANIELLE
SEMISA,

                    Defendants.

-------------------------------------------------------------------X

     Plaintiff, Allstate Insurance Company ("Allstate"), by and through its attorneys, Lewis Johs Avallone Aviles, LLP, upon information and belief states as follows:

## NATURE OF ACTION

    1.      This is a declaratory judgment action.  Allstate seeks a declaration that it has no obligation to provide coverage to Vitality Physicians Group Practice, P.C. a/k/a Vitality Psychiatry Group (hereinafter "Vitality"), Mitchell Cabisudo or Sean Cavanaugh with respect to claims regarding the alleged sexual harassment, abuse and malpractice committed by Sean Cavanaugh as an employee of Vitality.

    2.      Allstate is also seeking a declaration that it has no obligation to defend or indemnify Vitality, Mitchell Cabisudo or Sean Cavanaugh in actions brought by Jane Doe, Sarah Perlik, Jessica Schaefer and Danielle Semisa against them for these alleged acts.

## THE PARTIES

3.      At all times hereinafter mentioned, Allstate Insurance Company, was and is an insurance company duly organized and existing under and by virtue of the laws of the State of Illinois and is duly authorized to issue policies of insurance within the State of New York, including the businessowners' and commercial umbrella liability policies at issue herein.

4.      At all times hereinafter mentioned, Defendant, Vitality Physicians Group Practice, P.C. a/k/a Vitality Psychiatry Group, was and is a medical practice licensed to do business in the State of New York.

5.      At all times hereinafter mentioned, Defendant, Mitchell Cabisudo, was a natural person over the age of eighteen (18) years, residing in the State of New York.

6.      At all times hereinafter mentioned, Defendant, Sean Cavanaugh, was a natural person over the age of eighteen (18) years, residing in the State of New York.

7.      At all times hereinafter mentioned, Defendant, Patricia Murphy, was and is a natural person over the age of eighteen (18) years, residing in the State of New York.

8.      At all times hereinafter mentioned, Defendant, Jane Doe, was a fictitious name for the Plaintiff in the underlying action entitled *Jane Doe, a fictious name v. Vitality Physicians Group Practice, P.C. a/k/a Vitality Psychiatric Group, Mitchell Cabisudo, and Sean Cavanaugh* brought in the Supreme Court of Orange County, under index number EF000913/2020.

9.      At all times hereinafter mentioned, Defendant, Jane Doe, was a natural person over the age of eighteen (18) years, residing in the State of New York.

10.      At all times hereinafter mentioned, Defendant, Sarah Perlik, was a natural person over the age of eighteen (18) years, residing in the State of New York.

11.     At all times hereinafter mentioned, Defendant, Jessica Schaefer, was a natural person over the age of eighteen (18) years, residing in the State of New York.

12.     At all times hereinafter mentioned, Defendant, Danielle Semisa, was a natural person over the age of eighteen (18) years, residing in the State of New York.

## JURISDICTION AND VENUE

13.     This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1332 as Plaintiff is a citizen of Illinois, Defendants are citizens of New York and the amount in controversy is in excess of $75,000.00 exclusive of interest and costs.

14.     Venue of this action in this Court is proper pursuant to 28 U.S.C. §1391(10 as Defendants reside in this District.

## THE ALLSTATE BUSINESSOWNERS' POLICY

15.     Allstate issued a Businessowners Policy to Vitality Physicians Group Practice P.C. with policy number ending in 7849.  A copy of the Allstate Businessowners' policy is annexed hereto as **Exhibit "A."**

16.     The Allstate Businessowners' Policy was in full force and effect at all times mentioned herein.

17.     The Allstate Businessowners' Policy includes Businessowners' Coverage Form (Form BP 00 03 01 06), which contains the following pertinent language:

   **A. Coverages**
     **1. Business Liability**
       **a.** We will pay those sums that the insured
          becomes legally obligated to pay as dam-
          ages because of "bodily injury", "property
          damage" or "personal and advertising injury"
          to which this insurance applies.  We will have
          the right and duty to defend the insured
          against any "suit" seeking those damages.
          However, we will have no duty to defend the

insured against any "suit" seeking damages for "bodily injury", "property damage" or "personal and advertising injury" to which this insurance does not apply.  We may at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.

     \*     \*     \*

**B.  Exclusions**

  **1.  Applicable to Business Liability Coverage**

This insurance does not apply to:

    **a.  Expected Or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured.  This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

    **j.  Professional Services**

"Bodily injury", "property damage" or "personal and advertising injury" caused by the rendering or failure to render any professional service.  This includes but is not limited to:

      **(1)** Legal, accounting or advertising services;

      **(2)** Preparing, approving, or failing to prepare or approve maps, drawings, opinions, reports, surveys, change orders, designs or specifications;

      **(3)** Supervisory, inspection or engineering services;

      **(4)** Medical, surgical, dental, x-ray or nursing services treatment, advice or instruction;

      **(5)** Any health or therapeutic service treatment, advice or instruction;

      **(6)** Any service, treatment, advice or instruction for the purpose of appearance or skin enhancement, hair removal or replacement or personal grooming;

      **(7)** Optometry or optical or hearing aid services including the prescribing, preparation, fitting, demonstration or distribution of ophthalmic lenses and similar products

or hearing aid devices;
(**8**) Body piercing services; and
(**9**) Services in the practice of pharmacy.

\*        \*        \*

**C.  Who Is An Insured**
  **1.**  If you are designated in the Declarations as:

    **d.**  An organization other than a partnership, joint venture or limited liability company, you are an insured.  Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors.  Your stockholders are also insureds, but only with respect to their liability as stockholders.

  **2.**  Each of the following is also an insured:
    **a.**  Your "volunteer workers" only while performing duties related to the conduct of your business, or your "employees", other than either your "executive officers" (if you are an organization other than a partnership, joint venture or limited liability company) or your managers (if you are a limited liability company), but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business.

\*        \*        \*

**F.  Liability And Medical Expenses Definitions**

  **3.**  "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

\*        \*        \*

  **13.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

  **14.** "Personal and advertising injury" means injury,

including consequential "bodily injury" arising out of one or more of the following offenses:

**a.** False arrest, detention or imprisonment;

**b.** Malicious prosecution;

**c.** The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

**d.** Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's organization's goods, products or services;

**e.** Oral or written publication, in any manner, of material that violates a person's right of privacy;

**f.** The use of another's advertising idea in your "advertisement"; or

**g.** Infringing upon another's copyright, trade dress or slogan in your "advertisement".

**17.** "Property damage" means:

**a.** Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

**b.** Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

For the purposes of this insurance, electronic data is not tangible property.

As used in this definition, electronic date means information, facts or programs stored as, created or used on, or transmitted to or from computer software, hard or floppy disks, CD-ROMs, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.

\*       \*       \*

*See*, Ex. A.

18.     The Allstate Businessowners' Policy also contains an Abuse or Molestation

Exclusion Endorsement (Form BP 04 39 07 02).  This Endorsement provides the following:

> This insurance does not apply to "bodily injury",
> "property damage" or "personal and advertising
> injury" arising out of:
>
> > **(a)** The actual or threatened abuse or molestation
> > by anyone of any person while in the care,
> > custody or control of any insured, or
> > **(b)** The negligent:
> > > **a.**     Employment;
> > > **b.**     Investigation;
> > > **c.**     Supervision;
> > > **d.**     Reporting to the proper authorities, or
> > > failure to so report; or
> > > **e.**     Retention;
> >
> > of a person for whom any insured is or ever
> > was legally responsible and whose conduct
> > would be excluded by **(a)** above.

*          *          *

*See*, Ex. A.

**THE COMMERCIAL UMBRELLA LIABILITY POLICY**

19.     Allstate issued a Commercial Umbrella Liability Policy to Vitality Physicians

Group Practice, PC with policy number ending in 7854.  A copy of the Commercial Umbrella

Liability Policy is annexed hereto as **Exhibit "B."**

20.     The Allstate Commercial Umbrella Liability Policy was in full force and effect at

all times mentioned herein.

21.     The Allstate Commercial Umbrella Liability Policy includes the following

pertinent language:

**COVERAGE A – BODILY INJURY AND PROPERTY
DAMAGE LIABILITY**

**1.  Insuring Agreement**

**a.** We will pay on behalf of the insured the "ultimate net loss" in excess of the "retained limit" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking damages for such "bodily injury" or "property damage" when the "underlying insurance" does not provide coverage or the limits of "underlying insurance" have been exhausted. When we have no duty to defend, we will have the right to defend, or to participate in the defense of, the insured against any other "suit" seeking damages to which this insurance may apply. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. At our discretion, we may investigate any "occurrence" that may involve this insurance and settle any resultant claim or "suit" for which we have the duty to defend. But:

**(1)** The amount we will pay for the "ultimate net loss" is limited as described in Section **III –** Limits of insurance; and

**(2)** Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B**.

\*       \*       \*

**2. Exclusions**

This insurance does not apply to:

**a. Expected or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

**s. Professional Services**

"Bodily injury" or "property damage" due to the rendering of or failure to render any professional service. This includes but is not limited to:

     **(5)**    Medical, surgical, dental, X-ray or nursing services treatment, advise or instruction.

     **(6)**    Any health or therapeutic service treatment, advice or instruction;

             *      *      *

## SECTION II – WHO IS AN INSURED

**1.** Except for liability arising out of the ownership, maintenance or use of "covered autos":

   **a.** If you are designated in the Declarations as:

     **(4)** An organization other than a partnership, joint venture or limited liability company, you are an insured.  Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors.  Your stockholders are also insureds, but only with respect to their liability as stockholders.

   **b.** Each of the following is also an insured:

     **(1)** Your "volunteer workers' only while performing duties related to the conduct of your business, or your "employees", other than either your "executive officers" (if you are an organization other than a partnership, joint venture or limited liability company) or your managers (if you are a limited liability company), but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business.

             *      *      *

## SECTION V – DEFINITIONS

**3.** "Bodily injury" means bodily injury, disability, sickness or disease sustained by a person, including death resulting from any of these at any time.  "Bodily injury" includes mental anguish or other mental injury resulting from "bodily injury".

**13.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

**14.** "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

    **a.** False arrest, detention or imprisonment;

    **b.** Malicious prosecution;

    **c.** The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

    **d.** Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

    **e.** Oral or written publication, in any manner, of material that violates a person's right of privacy;

    **f.** The use of another's advertising idea in your "advertisement"; or

    **g.** Infringing upon another's copyright, trade dress or slogan in your "advertisement".

**18.** "Property damage" means:

    **a.** Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

    **b.** Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

With respect to the ownership, maintenance or use of "covered autos", property damage also includes "pollution cost or expense", but only to the extent that coverage exists under the "underlying insurance" or would have existed but for the exhaustion of the underlying limits.

For the purposes of this insurance, with respect to other than the ownership, maintenance or use of "covered autos", electronic data is not tangible property.

> As used in this definition, electronic data means information, facts or programs stored as or on, created or used on, or transmitted to or from computer software (including systems and applications software), hard or floppy disks, CD-ROMs, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.

*     *     *

*See*, Ex. B.

22.     The Allstate Commercial Umbrella Liability Policy also includes an Abuse or Molestation Exclusion Endorsement (Form CU 21 12 09 00).  This Endorsement provides the following:

> This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" arising out of:
>
> **1.**  The actual or threatened abuse or molestation by anyone of any person while in the care, custody or control of any insured, or
>
> **2.**  The negligent:
> **f.**     Employment;
> **g.**     Investigation;
> **h.**     Supervision;
> **i.**     Reporting to the proper authorities, or failure to so report; or
> **j.**     Retention;
>
> of a person for whom any insured is or ever was legally responsible and whose conduct would be excluded by Paragraph **1.** above.

*     *     *

*See*, Ex. B.

## <ins>BACKGROUND FACTS</ins>

23.     The instant action arises out of a series of claims brought by former patients of Defendants, Vitality, Mitchell Cabisudo and Sean Cavanaugh.  Dr. Mitchell Cabisudo is the

principal doctor at Vitality and Sean Cavanaugh is a physicians' assistant who was employed at Vitality at all times relevant to this action.

A.      **The Patricia Murphy Claim**

24.     The first notice Allstate received of a claim was from Defendant, Patricia Murphy.

25.     The claim alleged that while Patricia Murphy was a patient of Vitality and Sean Cavanaugh specifically, Mr. Cavanaugh began sending her inappropriate and sexually explicit text messages.

26.     The text messages sent by Mr. Cavanaugh to Patricia Murphy included nude photographs of Mr. Cavanaugh and propositions for sex.

27.     Allstate denied and disclaimed coverage for Patricia Murphy's claims under the Businessowners' and Umbrella policies.  True and accurate copies of the denial/disclaimers is annexed hereto as **Exhibit "C."**

B.  **The Jane Doe Litigation**

28.     Jane Doe, a fictitious name used to preserve the privacy of the Plaintiff, commenced a lawsuit against Vitality, Mitchell Cabisudo and Sean Cavanaugh in the Supreme Court of Orange County under index number EF000913/2020  (hereinafter "Doe Action") seeking recovery for damages she allegedly sustained while a patient of Defendants and in particular Sean Cavanaugh. A copy of the Summons and Complaint in the Doe Action is annexed hereto as **Exhibit "D."**

29.     The Complaint in the Doe Action alleges that Sean Cavanaugh was a licensed Physicians' Assistant employed by Vitality and provided psychiatric and psychological care to patients as part of is employment.  *See*, Ex. D.

30.     The Complaint in the Doe Action further alleges that Jane Doe was a patient at Vitality from August 2018 through July 2019 and during that time received psychological care from Sean Cavanaugh and Dr. Cabisudo.  *See*, Ex. D.

31.     The Complaint further alleges that Sean Cavanaugh diagnosed Jane Doe with bipolar disorder when there was no scientific basis for this diagnosis and no other medical provider had diagnosed her with bipolar disorder.  *See*, Ex. D.

32.     The Complaint further alleges that every time Sean Cavanaugh saw Jane Doe at his office, he measured her heart rate using a stethoscope and that there was no medical or psychiatric need for him to do so.  *See*, Ex. D.

33.     According to the Complaint, each time he checked her heart rate with a stethoscope he required Jane Doe to raise her shirt to the bottom of her bra and alleges that there was no medical or psychological need for him to do so.  *See*, Ex. D.

34.     The Complaint further alleges that while checking her heart rate with a stethoscope, Sean Cavanaugh placed the hand holding the stethoscope underneath her bra and onto her breast and placed his other hand on her breast over her bra, cupping her breast.  *See*, Ex. D.

35.     The Complaint further alleges that Sean Cavanaugh performed these acts for his own sexual gratification and that Plaintiff was incapable of consenting to the touching because of mental incapacitation.  *See*, Ex. D.

36.     The Complaint further alleges that Vitality and Dr. Cabisudo hired Sean Cavanaugh as a physicians' assistant and knew or should have known that Sean Cavanaugh had a propensity for engaging in inappropriate sexual behavior with female patients.  *See*, Ex. D.

37.     The Complaint also alleges that Vitality and Dr. Cabisudo negligently hired Sean Cavanaugh.  *See*, Ex. D.

38.     The Complaint further alleges that Vitality and Dr. Cabisudo were negligent in retaining and failing to investigate complaints after they came to know or should have known after hiring Sean Cavanaugh that he was inappropriately touching the breasts of female patients while purporting to measure their heart rates and that he was sending nude pictures of himself via cell phone to at least one of his patients.  *See*, Ex D.

39.     The Complaint further alleges that due to the negligence of Vitality and Dr. Cabisudo with respect to Sean Cavanaugh, Plaintiff suffered physical and emotional distress and economic loss.  *See*, Ex. D.

40.     In its second cause of action, the Complaint alleges that Dr. Cabisudo was negligent in supervising the conduct of Sean Cavanaugh in breach of his professional responsibilities and New York law and that this negligence caused Plaintiff to sustain physical and emotional distress. *See*, Ex. D.

41.     In the first cause of action against Sean Cavanaugh, Plaintiff alleges that Sean Cavanaugh's actions constituted a sexual offense under the Penal law and battery, which caused Plaintiff physical and emotional distress and economic loss.  *See*, Ex. D.

42.     In the second cause of action against Sean Cavanaugh, Plaintiff alleges that the actions of Sean Cavanaugh amount to gross negligence, which caused her physical and emotional distress and economic loss.  *See*, Ex. D.

43.     Jane Doe is seeking compensatory damages, punitive damages, costs and disbursements.  *See*, Ex. D.

44.     Allstate has been providing a defense to Vitality and Dr. Cabisudo in the Doe Action under the Businessowners' policy issued to Vitality but has denied any obligation to indemnify them because coverage is barred by the professional services and abuse and molestation

exclusions in the policy. A copy of the denial and disclaimer under the Businessowners' policy is annexed hereto as **Exhibit "E."**

45.     Allstate has denied any obligation to defend or indemnify Sean Cavanaugh under the Allstate Businessowners' policy because he is not an insured person since he was acting outside the scope of is employment by abusing and harassing the Plaintiff. Further, coverage is barred by the intentional acts, professional services and abuse and molestation exclusions. *See*, Ex. E.

46.     Allstate has also denied coverage to Vitality, Dr. Cabisudo and Sean Cavanaugh under the Umbrella Policy for the same reasons. A copy of the denial/disclaimer under the umbrella policy is annexed hereto as **Exhibit "F."**

47.     Allstate is now seeking a declaration that there is no coverage under the Allstate Businessowners' and Commercial Umbrella Liability Policies for the defense and indemnification of Vitality, Dr. Cabisudo and Sean Cavanaugh in the Doe Action.

48.     Allstate is also seeking a declaration that it's assigned counsel may withdraw from its representation of Vitality and Dr. Cabisudo in the Doe Action.

**C. The Sarah Perlik Litigation**

49.     Sarah Perlik initiated a lawsuit against Sean Cavanaugh and Vitality Physicians Group Practice, M.D., P.C. a/k/a Vitality Psychiatry Group Practice in the Supreme Court of Ulster County under Index Number 983/2020EF (hereinafter "Perlik Action") seeking recovery for damages she allegedly sustained while a patient of Defendants and in particular Sean Cavanaugh. A copy of the Summons and Complaint in the Perlik Action is annexed hereto as **Exhibit "G."**

50.     The Complaint in the Perlik Action alleges that on or about April 11, 2019, Plaintiff was a patient of Vitality, where Sean Cavanaugh was employed as a physicians' assistant. *See*, Ex. G.

51.     The Complaint further alleges that Sean Cavanaugh touched the plaintiff in an inappropriate and unprofessional manner, violating the standard of care required of physicians' assistants, causing harm to the plaintiff.  *See*, Ex. G.

52.     The Complaint further alleges that Vitality supervised Sean Cavanaugh.  *See*, Ex. G.

53.     The first cause of action alleges that Sean Cavanaugh is guilty of sexual misconduct, assault and battery, which caused physician and psychological injuries to the Plaintiff. *See*, Ex. G.

54.     The second cause of action alleges that Sean Cavanaugh failed to provide psychiatric treatment in accordance with the standard of care required of physicians' assistance, causing injury and damage to the Plaintiff.  *See*, Ex. G.

55.     The third cause of action alleges that Vitality failed to supervise or were negligent in supervising Sean Cavanaugh, failing to provide care within the standard of care required for a psychiatric group, resulting in injury to the Plaintiff.  *See*, Ex. G.

56.     Allstate has denied and disclaimed coverage under both the Businessowners' and Commercial Umbrella policies issued to Vitality for the defense and indemnification of Vitality and Sean Cavanaugh in the Perlik Action.  A copy of the denial/disclaimer that was issued is annexed hereto as **Exhibit "H."**

57.     Allstate is now seeking a declaration that there is no coverage under the Allstate Businessowners' and Commercial Umbrella Liability Policies for the defense and indemnification of Vitality and Sean Cavanaugh in the Perlik Action.

**D.  The Schaefer Litigation**

58.     Jessica Schaefer initiated a lawsuit against Sean Cavanaugh, PA, Mitchell Cabisudo, MD, and Vitality Psychiatry Group Practice in the Supreme Court of Orange County under Index Number 002101/2020EF (hereinafter "Schaefer Action") seeking recovery for damages she allegedly sustained while a patient of Defendants and in particular Sean Cavanaugh. A copy of the Summons and Complaint in the Schaefer Action is annexed hereto as **Exhibit "I."**

59.     The Complaint in the Schaefer action alleges that Sean Cavanaugh was a physicians' assistant employed by Vitality and that Mitchell Cabisudo was the owner of Vitality. *See*, Ex. I.

60.     The Complaint further alleges that Dr. Cabisudo and Vitality are vicariously liable for the actions of Sean Cavanaugh done in the course of his employment.  *See*, Ex. I.

61.     The Complaint goes on to allege that the Defendants all held themselves out to be competent and experiences in their professions, with expertise in the treatment of patients who are suffering from emotional trauma or psychiatric disorders.  *See*, Ex. I.

62.     The Complaint further alleges that on or about January 26, 2019 the Plaintiff became a patient of the Defendants for treatment of her anxiety, depression and emotional disorders, in reliance on their representations regarding their expertise. *See*, Ex. I.

63.     The Complaint further alleges that while Plaintiff was receiving treatment at Vitality, Sean Cavanaugh improperly performed a physical examination of her, which included reaching under Plaintiff's blouse and fondling her breasts.  *See*, Ex. I.

64.     The Complaint further alleges that the Defendants were negligent and deviated from the accepted standard of medical care, causing psychiatric and emotional injuries to the Plaintiff.  *See*, Ex. I.

65.    The Complaint also alleges that the Defendants deviated from the accepted standard of care by failing to properly conduct a physical examination, failing to provide gowns for physical examinations, failing to demonstrate appropriate sensitivity to the Plaintiff, performing unnecessary physical examinations, failing to provide adequate procedures for reporting improper or abusive treatment and other vicarious and active negligence.  *See*, Ex. I.

66.    The Complaint alleges that because of this negligence, Plaintiff has been diminished in her quality of life, suffered from anxiety, depression, social withdrawal, and exacerbation of previous psychological conditions.  *See*, Ex. I.

67.    The Complaint also alleges a second cause of action which alleges liability under a theory of *res ipsa loquitor*.  *See*, Ex. I.

68.    Plaintiff is seeking compensatory damages, punitive damages, costs and disbursements.  *See*, Ex. I.

69.    Allstate has denied and disclaimed coverage under both the Businessowners' and Commercial Umbrella policies issued to Vitality for the defense and indemnification of Vitality, Dr. Cabisudo, and Sean Cavanaugh in the Schaefer Action.  A copy of the denial/disclaimer that was issued is annexed hereto as **Exhibit "J."**

70.    Allstate is now seeking a declaration that there is no coverage under the Allstate Businessowners' and Commercial Umbrella Liability Policies for the defense and indemnification of Vitality and Sean Cavanaugh in the Schaefer Action.

**E.  The Semisa Litigation**

71.    Danielle Semisa initiated a lawsuit against Sean Cavanaugh, PA, Mitchell Cabisudo, MD, and Vitality Psychiatry Group Practice in the Supreme Court of Orange County under Index Number 001135/2020EF (hereinafter "Semisa Action") seeking recovery for damages

she allegedly sustained while a patient of Defendants and in particular Sean Cavanaugh.  A copy

of the Summons and Complaint in the Semisa Action is annexed hereto as **Exhibit "K."**

72.     The Complaint in the Schaefer action alleges that Sean Cavanaugh was a

physicians' assistant employed by Vitality and that Mitchell Cabisudo was the owner of Vitality.

*See*, Ex. K.

73.     The Complaint further alleges that Dr. Cabisudo and Vitality are vicariously liable

for the actions of Sean Cavanaugh done in the course of his employment.  *See*, Ex. K.

74.     The Complaint goes on to allege that the Defendants all held themselves out to be

competent and experiences in their professions, with expertise in the treatment of patients who are

suffering from emotional trauma or psychiatric disorders.  *See*, Ex. K.

75.     The Complaint further alleges that on or about February 2019 the Plaintiff became

a patient of the Defendants for treatment of her anxiety, depression and emotional disorders, in

reliance on their representations regarding their expertise.  *See*, Ex. K.

76.     The Complaint further alleges that while Plaintiff was receiving treatment at

Vitality, Sean Cavanaugh improperly performed a physical examination of her, which included

reaching under Plaintiff's blouse and fondling her breasts.  *See*, Ex. K.

77.     The Complaint further alleges that the Defendants were negligent and deviated

from the accepted standard of medical care, causing psychiatric and emotional injuries to the

Plaintiff.  *See*, Ex. K.

78.      The Complaint also alleges that the Defendants deviated from the accepted

standard of care by failing to properly conduct a physical examination, failing to provide gowns

for physical examinations, failing to demonstrate appropriate sensitivity to the Plaintiff,

performing unnecessary physical examinations, failing to provide adequate procedures for reporting improper or abusive treatment and other vicarious and active negligence. *See*, Ex. K.

79.     The Complaint alleges that because of this negligence, Plaintiff has been diminished in her quality of life, suffered from anxiety, depression, social withdrawal, and exacerbation of previous psychological conditions. *See*, Ex. K.

80.     The Complaint also alleges a second cause of action which alleges liability under a theory of *res ipsa loquitor*. *See*, Ex. K.

81.     The third cause of action in the Complaint is against Sean Cavanaugh and alleges that he intentionally made unlawful contact with the Plaintiff, which was without medical cause or purpose. *See*, Ex. K.

82.     The third cause of action further alleges that this contact constitutes battery upon the Plaintiff. *See*, Ex. K.

83.     Plaintiff is seeking compensatory damages, punitive damages, costs and disbursements. *See*, Ex. K.

84.     Allstate denied and disclaimed any obligation to defend or indemnify Vitality, Dr. Cabisudo or Sean Cavanaugh in the Semisa action under the Businessowners' and Umbrella policies. True and accurate copies of the denial/disclaimers is annexed hereto as **Exhibit "L."**

85.     Allstate is now seeking a declaration that there is no coverage under the Allstate Businessowners' and Commercial Umbrella Liability Policies for the defense and indemnification of Vitality and Sean Cavanaugh in the Semisa Action.

## AS AND FOR A FIRST CAUSE OF ACTION

**(No Coverage under the Businessowners Policy for Sean Cavanaugh for the Patricia Murphy Claim)**

86.     Allstate repeats, reiterates and realleges each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

87.     The Allstate Businessowners Policy only provides coverage for the liability of insured persons for bodily injury or property damage to which the insurance applies.

88.     An employee is only considered to be an "insured" for acts within the scope of his or her employment with the named insured or while performing duties related to the conduct of the named insured's business.

89.     The claims made by Patricia Murphy against Sean Cavanaugh consist of acts that were outside the scope of Sean Cavanaugh's employment and were not part of his duties related to the conduct of Vitality's business.

90.     Sean Cavanaugh does not qualify as an "Insured" as that term is defined in the Allstate Businessowners' Policy.

91.     Additionally, the acts alleged do not constitute an "Occurrence" as that term is defined by the Allstate policy.

92.     Additionally, the Allstate Businessowners' Policy contains an exclusion for bodily injury or property damage arising out of the intentional acts of an insured.

93.     All of the claims made by Patricia Murphy against Sean Cavanaugh were for intentional acts.

94.     The Businessowners' policy also bars coverage for bodily injury arising out of the failure to provide professional services.

95.     To the extent that it is alleged that Sean Cavanaugh failed to render professional services to Patricia Murphy, coverage for the Patricia Murphy Claim is barred by the professional services exclusion.

96.     The Businessowners policy also bars coverage for bodily injury or property damage arising out of the abuse or molestation of any person while in the care, custody or control of any insured.

97.     At the time of the incidents alleged in the claim, Patricia Murphy was Sean Cavanaugh's, Vitality and/or Mitchell Cabisudo's patient and as such, was in their care, custody or control.

98.     Even if Sean Cavanaugh were an insured person under the Businessowners' policy coverage for him would be barred by the exclusion for abuse or molestation.

99.     The claims of Patricia Murphy are outside the scope of coverage and/or excluded under the Allstate Businessowners' Policy.

100.    Allstate timely and properly denied and disclaimed coverage to Sean Cavanaugh under the Allstate Businessowners' Policy.

101.    Allstate requests an Order from this Court declaring and adjudging that under and pursuant to the terms of the Allstate Businessowners' Policy, that Allstate does not have an obligation to provide coverage for the claims made by Patricia Murphy against Sean Cavanaugh.

## AS AND FOR A SECOND CAUSE OF ACTION

### (No Coverage under the Commercial Umbrella Policy for Sean Cavanaugh for the Patricia Murphy Claim)

102.    Allstate repeats, reiterates and realleges each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

103.    The Allstate Commercial Umbrella Policy only provides coverage to insured persons for bodily injury or property damage for which the insurance applies.

104.    The claims made by Patricia Murphy allege emotional and psychological injuries.

105.    In order for emotional injuries to qualify as "bodily injury" as that term is defined in the Allstate Commercial Umbrella Policy, they must result from a physical injury.

106.    Additionally, the acts alleged do not constitute an "Occurrence" as that term is defined by the Allstate Commercial Umbrella Policy.

107.    The injuries claimed by Patricia Murphy do not constitute bodily injury or an occurrence, as those terms are defined in the Allstate Commercial Umbrella Policy.

108.    Additionally, the Allstate Commercial Umbrella Policy only provides coverage for the liability of an insured person.

109.    Under the Allstate Commercial Umbrella Policy, an employee of the named insured is only considered an "insured" for acts within the scope of his or her employment with the insured or while performing duties related to the conduct of the named insured's business.

110.    None of the actions of Sean Cavanaugh claimed by Patricia Murphy were within the scope of his employment or were part of his duties related to Vitality's business.

111.    Sean Cavanaugh does not qualify as an insured under the Allstate Commercial Umbrella Policy.

112.    The Allstate Commercial Umbrella Policy bars coverage for the intentional acts of an insured.

113.    All of the acts claimed by Patricia Murphy to have been committed by Sean Cavanaugh were intentional.

114.     Even if Sean Cavanaugh were an insured under the Allstate Commercial Umbrella Policy, coverage would be barred by the exclusion for the intentional acts of an insured.

115.     The Allstate Commercial Umbrella Policy also bars coverage for bodily injury arising out of the failure to provide professional services.

116.     To the extent that it is alleged that Sean Cavanaugh failed to render professional services to Patricia Murphy, coverage for the Patricia Murphy Action is barred by the professional services exclusion.

117.     The Allstate Commercial Umbrella Policy also bars coverage for bodily injury or property damage arising out of the abuse or molestation of any person while in the care, custody or control of any insured.

118.     At the time of the incidents in the Complaint, Patricia Murphy was Sean Cavanaugh's, Vitality and/or Mitchell Cabisudo's patient and as such, was in their care, custody or control.

119.     Even if Sean Cavanaugh were an insured person under the Allstate Commercial Umbrella Policy coverage for him would be barred by the exclusion for abuse or molestation.

120.     The claims of Patricia Murphy are outside the scope of coverage and/or excluded under the Allstate Commercial Umbrella Policy.

121.     Allstate timely and properly denied and disclaimed coverage to Sean Cavanaugh under the Allstate Commercial Umbrella Policy.

122.     Allstate requests an Order from this Court declaring and adjudging that under and pursuant to the terms of the Allstate Commercial Umbrella Policy, that Allstate does not have an obligation to provide coverage for the claims made by Patricia Murphy against Sean Cavanaugh.

## AS AND FOR A THIRD CAUSE OF ACTION

**(No Coverage under the Businessowners' Policy for Vitality or Mitchell Cabisudo for the Patricia Murphy Claim)**

123.    Allstate repeats, reiterates and realleges each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

124.    Patricia Murphy claims that Vitality and Mitchell Cabisudo are liable for the actions of Sean Cavanaugh, since they hired, retained, supervised him.

125.    To the extent that the alleged actions of Sean Cavanaugh were within the scope of his employment, there is no coverage available for Vitality and Mitchell Cabisudo under the Allstate Businessowners' Policy.

126.    The Businessowners' policy also bars coverage for bodily injury arising out of the failure to provide professional services.

127.    To the extent that it is alleged that Vitality or Mitchell Cabisudo failed to render professional services to Patricia Murphy, coverage for the Patricia Murphy Action is barred by the professional services exclusion.

128.    The Businessowners' policy also bars coverage for bodily injury or property damage arising out of the abuse or molestation of any person while in the care, custody or control of any insured.

129.    The Businessowners' policy also bars coverage for the negligent employment, investigation, supervision, reporting to authorities and retention of a person who commits abuse and molestation of someone in the care, custody or control of an insured.

130.    At the time of the incidents Patricia Murphy was Sean Cavanaugh's, Vitality and/or Mitchell Cabisudo's patient and as such, in their care, custody or control.

131.     The Businessowners' policy therefore bars coverage for the claims of abuse or molestation.

132.     The claims of Patricia Murphy are outside the scope of coverage and/or excluded under the Allstate Businessowners' Policy.

133.     Allstate timely and properly denied and disclaimed coverage to Mitchell Cabisudo and Vitality under the Allstate Businessowners' Policy.

134.     Allstate requests an Order from this Court declaring and adjudging that under and pursuant to the terms of the Allstate Businessowners' Policy, that Allstate does not have an obligation to provide coverage for the claims made by Patricia Murphy against Vitality and Mitchell Cabisudo.

## AS AND FOR A FOURTH CAUSE OF ACTION

**(No Coverage under the Commercial Umbrella Policy for Vitality or Mitchell Cabisudo for the Patricia Murphy Claim)**

135.     Allstate repeats, reiterates and realleges each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

136.     The Allstate Commercial Umbrella Policy only provides coverage to insured persons for bodily injury or property damage to which the coverage applies.

137.     The claims made by Patricia Murphy allege emotional and psychological injuries.

138.     In order for emotional injuries to qualify as "bodily injury" as that term is defined in the Allstate Commercial Umbrella Policy, they must result from a physical injury.

139.     The injuries claimed by Patricia Murphy do not constitute bodily injury or property damage as those terms are defined in the Allstate Commercial Umbrella Policy.

140.    The Allstate Commercial Umbrella Policy also bars coverage for bodily injury arising out of the failure to provide professional services.

141.    To the extent that it is alleged that Sean Cavanaugh, Vitality or Mitchell Cabisudo failed to provide professional services to Patricia Murphy, coverage for the Patricia Murphy Claim is barred by the professional services exclusion.

142.    The Commercial Umbrella policy also bars coverage for bodily injury or property damage arising out of the abuse or molestation of any person while in the care, custody or control of any insured.

143.    The Commercial Umbrella policy also bars coverage for the negligent employment, investigation, supervision, reporting to authorities and retention of a person who commits abuse and molestation of someone in the care, custody or control of an insured.

144.    At the time of the incidents Patricia Murphy was Sean Cavanaugh's, Vitality and/or Mitchell Cabisudo's patient and as such, in their care, custody or control.

145.    The Allstate Commercial Umbrella Policy therefore excludes coverage for the claims of abuse or molestation.

146.    The claims of Patricia Murphy are outside the scope of coverage and/or excluded under the Allstate Commercial Umbrella Policy

147.    The claims of Patricia Murphy are outside the scope of coverage and/or excluded under the Allstate Commercial Umbrella Policy.

148.    Allstate timely and properly denied and disclaimed coverage to Mitchell Cabisudo and Vitality under the Allstate Commercial Umbrella Policy.

149.    Allstate requests an Order from this Court declaring and adjudging that under and pursuant to the terms of the Allstate Commercial Umbrella Policy, that Allstate does not have an

obligation to provide coverage for the claims made by Patricia Murphy against Vitality and Mitchell Cabisudo.

## AS AND FOR A FIFTH CAUSE OF ACTION

### (No Coverage under the Businessowners' Policy for Sean Cavanaugh for the Jane Doe Action)

150.    Allstate repeats, reiterates and realleges each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

151.    The Allstate Businessowners Policy only provides coverage for the liability of insured persons for bodily injury or property damage to which the insurance applies.

152.    An employee is only considered to be an "insured" for acts within the scope of his or her employment with the named insured or while performing duties related to the conduct of the named insured's business.

153.    The allegations against Sean Cavanaugh in the Doe Action consist of acts that were outside the scope of Sean Cavanaugh's employment and were not part of his duties related to the conduct of Vitality's business.

154.    Sean Cavanaugh does not qualify as an "insured" as that term is defined in the Allstate Businessowners' Policy.

155.    Additionally, the acts alleged do not constitute an "Occurrence" as that term is defined by the Allstate Businessowners' Policy.

156.    Additionally, the Allstate Businessowners' Policy contains an exclusion for bodily injury or property damage arising out of the intentional acts of an insured.

157.    All of the allegations against Sean Cavanaugh in the Doe Action were for intentional acts.

158.     Even if Sean Cavanaugh were an insured under the Allstate Businessowners'
Policy, coverage would be barred by the exclusion for the intentional acts of an insured.

159.     The Businessowners' policy also bars coverage for bodily injury arising out of the
failure to provide professional services.

160.     To the extent that it is alleged that Sean Cavanaugh failed to Cavanaugh failed to
render professional services to Jane Doe, coverage for the Doe Action is barred by the professional
services exclusion.

161.     The Businessowners policy also bars coverage for bodily injury or property damage
arising out of the abuse or molestation of any person while in the care, custody or control of any
insured.

162.     At the time of the incidents in the Complaint, Jane Doe was Sean Cavanaugh's,
Vitality and/or Mitchell Cabisudo's patient and as such, was in their care, custody or control.

163.     Even if Sean Cavanaugh were an insured person under the Businessowners' policy
coverage for him would be barred by the exclusion for abuse or molestation.

164.     The claims of Jane Doe are outside the scope of coverage and/or excluded under
the Allstate Commercial Umbrella Policy

165.     Allstate timely and properly denied and disclaimed coverage to Sean Cavanaugh
under the Allstate Businessowners' Policy.

166.     Allstate requests an Order from this Court declaring and adjudging that under and
pursuant to the terms of the Allstate Businessowners' Policy, Allstate does not have an obligation
to provide coverage for the allegations in the Doe Action against Sean Cavanaugh.

## AS AND FOR A SIXTH CAUSE OF ACTION

**(No Coverage under the Commercial Umbrella Policy for Sean Cavanaugh for the Jane Doe Action)**

167.     Allstate repeats, reiterates and realleges each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

168.     The Allstate Commercial Umbrella Policy only provides coverage for the liability of an insured person.

169.     Under the Allstate Commercial Umbrella Policy, an employee of the named insured is only considered an "insured" for acts within the scope of his or her employment with the insured or while performing duties related to the conduct of the named insured's business.

170.     None of the actions of Sean Cavanaugh alleged in the Doe Action were within the scope of his employment or were part of his duties related to Vitality's business.

171.     Sean Cavanaugh does not qualify as an insured under the Allstate Commercial Umbrella Policy.

172.     Additionally, the acts alleged do not constitute an "Occurrence" as that term is defined by the Allstate Commercial Umbrella Policy

173.     The injuries claimed by Jane Doe do not constitute bodily injury or an occurrence, as those terms are defined in the Allstate Commercial Umbrella Policy.

174.     The Allstate Commercial Umbrella Policy bars coverage for the intentional acts of an insured.

175.     All of the acts alleged in the Complaint in the Doe Action to have been committed by Sean Cavanaugh were intentional.

176.    Even if Sean Cavanaugh were an insured under the Allstate Commercial Umbrella Policy, coverage would be barred by the exclusion for the intentional acts of an insured.

177.    The Commercial Umbrella policy also bars coverage for bodily injury arising out of the failure to provide professional services.

178.    To the extent that it is alleged that Sean Cavanaugh failed to provide professional services to Jane Doe, coverage for the Doe Action is barred by the professional services exclusion.

179.    The Commercial Umbrella policy also bars coverage for bodily injury or property damage arising out of the abuse or molestation of any person while in the care, custody or control of any insured.

180.    At the time of the incidents in the Complaint, Jane Doe was Sean Cavanaugh's, Vitality and/or Mitchell Cabisudo's patient and as such, was in his care, custody or control.

181.    Even if Sean Cavanaugh were an insured person under the Commercial Umbrella policy coverage for him would be barred by the exclusion for abuse or molestation.

182.    The claims of Jane Doe are outside the scope of coverage and/or excluded under the Allstate Commercial Umbrella Policy

183.    Allstate timely and properly denied and disclaimed coverage to Sean Cavanaugh under the Allstate Commercial Umbrella Policy.

184.    Allstate requests an Order from this Court declaring and adjudging that under and pursuant to the terms of the Allstate Commercial Umbrella Policy, that Allstate does not have an obligation to provide coverage for the defense and indemnification of Sean Cavanaugh in the Doe Action.

## AS AND FOR A SEVENTH CAUSE OF ACTION

**(No Coverage under the Businessowners' Policy for Vitality and Mitchell Cabisudo for the Jane Doe Action)**

185.    Allstate repeats, reiterates and realleges each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

186.    Jane Doe claims that Vitality and Mitchell Cabisudo are liable for the actions of Sean Cavanaugh, since they hired, retained, supervised him.

187.    To the extent that the alleged actions of Sean Cavanaugh were within the scope of his employment, there is no coverage available for Vitality and Mitchell Cabisudo under the Allstate Businessowners' Policy.

188.    The Businessowners' policy also bars coverage for bodily injury arising out of the failure to provide professional services.

189.    In her complaint, Jane Doe alleges that Mitchell Cabisudo and Vitality negligently hired, retained and supervised Sean Cavanaugh during his employment with Vitality and with respect to his treatment of female patients.

190.    Hiring, retaining and supervising employees are part of the business of providing psychological services and are therefore considered professional services.

191.    To the extent that it is alleged that Vitality or Mitchell Cabisudo failed to render professional services to Jane Doe, coverage for the Doe Action is barred by the professional services exclusion.

192.    Coverage for the defense and indemnification of Mitchell Cabisudo and Vitality is barred by the exclusion in the Businessowners' Policy for bodily injury arising out of the professional services of an insured.

193.    The Businessowners' policy also bars coverage for bodily injury or property damage arising out of the abuse or molestation of any person while in the care, custody or control of any insured.

194.    The Businessowners' policy also bars coverage for the negligent employment, investigation, supervision, reporting to authorities and retention of a person who commits abuse and molestation of someone in the care, custody or control of an insured.

195.    At the time of the incidents in the Complaint, Jane Doe was Sean Cavanaugh's, Vitality and/or Mitchell Cabisudo's patient and as such, in their care, custody or control.

196.    The complaint in the Doe Action alleges that Mitchell Cabisudo and Vitality negligently hired, retained and supervised Sean Cavanaugh, who allegedly sexually abused and molested the Plaintiff.

197.    The claims of Jane Doe are outside the scope of coverage and/or excluded under the Allstate Commercial Umbrella Policy

198.    Allstate timely and properly denied and disclaimed coverage to Mitchell Cabisudo and Vitality under the Allstate Businessowners' Policy.

199.    Allstate requests an Order from this Court declaring and adjudging that under and pursuant to the terms of the Allstate Businessowners' Policy, that Allstate does not have an obligation to provide coverage for the allegations in the Doe Action against Mitchell Cabisudo and Vitality.

## AS AND FOR AN EIGHTH CAUSE OF ACTION

**(No Coverage under the Commercial Umbrella Policy for Vitality and Mitchell Cabisudo for the Jane Doe Action)**

200.    Allstate repeats, reiterates and realleges each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

201.    The Allstate Commercial Umbrella Policy only provides coverage to insured persons for bodily injury or property damage to which the coverage applies.

202.    The claims made by Jane Doe only allege emotional and psychological injuries.

203.    In order for emotional injuries to qualify as "bodily injury" as that term is defined in the Allstate Commercial Umbrella Policy, they must result from a physical injury.

204.    The injuries claimed by Jane Doe do not constitute bodily injury or property damage as those terms are defined in the Allstate Commercial Umbrella Policy.

205.    The Commercial Umbrella policy also bars coverage for bodily injury arising out of the failure to provide professional services.

206.    In her complaint, Jane Doe alleges that Mitchell Cabisudo and Vitality negligently hired, retained and supervised Sean Cavanaugh during his employment with Vitality and with respect to his treatment of female patients.

207.    Hiring, retaining and supervising employees are part of the business of providing psychological services and are therefore considered professional services.

208.    Coverage for the defense and indemnification of Mitchell Cabisudo and Vitality is barred by the exclusion in the Commercial Umbrella Policy for bodily injury arising out of the professional services of any insured.

209.     The Commercial Umbrella policy also bars coverage for bodily injury or property damage arising out of the abuse or molestation of any person while in the care, custody or control of an insured.

210.     The Commercial Umbrella policy also bars coverage for the negligent employment, investigation, supervision, reporting to authorities and retention of a person who commits abuse and molestation of someone in the care, custody or control of an insured.

211.     At the time of the incidents in the Complaint, Jane Doe was Sean Cavanaugh's, Vitality and/or Mitchell Cabisudo's patient and as such, in their care, custody or control.

212.     The complaint in the Doe Action alleges that Mitchell Cabisudo and Vitality negligently hired, retained and supervised Sean Cavanaugh, who allegedly sexually abused and molested the Plaintiff.

213.     The claims of Jane Doe are outside the scope of coverage and/or excluded under the Allstate Commercial Umbrella Policy

214.     Allstate timely and properly denied and disclaimed coverage to Mitchell Cabisudo and Vitality under the Allstate Commercial Umbrella Policy.

215.     Allstate requests an Order from this Court declaring and adjudging that under and pursuant to the terms of the Allstate Commercial Umbrella Policy, that Allstate does not have an obligation to provide coverage for the allegations in the Doe Action against Mitchell Cabisudo and Vitality.

## AS AND FOR A NINTH CAUSE OF ACTION

### (No Coverage under the Businessowners' Policy for Sean Cavanaugh for the Sarah Perlik Action)

216.     Allstate repeats, reiterates and realleges each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

217.    The Allstate Businessowners Policy only provides coverage for the liability of insured persons for bodily injury or property damage to which the insurance applies.

218.    An employee is only considered to be an "insured" for acts within the scope of his or her employment with the named insured or while performing duties related to the conduct of the named insured's business.

219.    The allegations against Sean Cavanaugh in the Perlik Action consist of acts that were outside the scope of Sean Cavanaugh's employment and were not part of his duties related to the conduct of Vitality's business.

220.    Sean Cavanaugh does not qualify as an "insured" as that term is defined in the Allstate Businessowners' Policy.

221.    Additionally, the acts alleged do not constitute an "Occurrence" as that term is defined by the Allstate policy.

222.    Additionally, the Allstate Businessowners' Policy contains an exclusion for bodily injury or property damage arising out of the intentional acts of an insured.

223.    All of the allegations against Sean Cavanaugh in the Perlik Action were for intentional acts.

224.    Even if Sean Cavanaugh were an insured under the Allstate Businessowners' Policy, coverage would be barred by the exclusion for the intentional acts of an insured.

225.    The Businessowners' policy also bars coverage for bodily injury arising out of the failure to provide professional services.

226.    To the extent that it is alleged that Sean Cavanaugh failed to provide professional services to Sarah Perlik, coverage for the Perlik Action is barred by the professional services exclusion.

227.    The Businessowners policy also bars coverage for bodily injury or property damage arising out of the abuse or molestation of any person while in the care, custody or control of any insured.

228.    At the time of the incidents in the Complaint, Sarah Perlik was Sean Cavanaugh's, Vitality and/or Mitchell Cabisudo's patient and as such, was in their care, custody or control.

229.    Even if Sean Cavanaugh were an insured person under the Businessowners' policy coverage for him would be barred by the exclusion for abuse or molestation.

230.    The claims of Sarah Perlik are outside the scope of coverage and/or excluded under the Allstate Businessowners' Policy

231.    Allstate timely and properly denied and disclaimed coverage to Sean Cavanaugh under the Allstate Businessowners' Policy.

232.    Allstate requests an Order from this Court declaring and adjudging that under and pursuant to the terms of the Allstate Businessowners' Policy, that Allstate does not have an obligation to provide coverage for the allegations in the Perlik Action against Sean Cavanaugh.

## AS AND FOR A TENTH CAUSE OF ACTION

### (No Coverage under the Commercial Umbrella Policy for Sean Cavanaugh for the Sarah Perlik Action)

233.    Allstate repeats, reiterates and realleges each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

234.    The Allstate Commercial Umbrella Policy only provides coverage to insured persons for bodily injury or property damage to which the insurance applies.

235.    The claims made by Sarah Perlik allege emotional and psychological injuries.

236.     In order for emotional injuries to qualify as "bodily injury" as that term is defined in the Allstate Commercial Umbrella Policy, they must result from a physical injury.

237.     Additionally, the acts alleged do not constitute an "Occurrence" as that term is defined by the Allstate Commercial Umbrella Policy.

238.     The injuries claimed by Sarah Perlik do not constitute bodily injury or an occurrence, as those terms are defined in the Allstate Commercial Umbrella Policy.

239.     The Allstate Commercial Umbrella Policy only provides coverage for the liability of an insured person.

240.     Under the Allstate Commercial Umbrella Policy, an employee of the named insured is only considered an "insured" for acts within the scope of his or her employment with the insured or while performing duties related to the conduct of the named insured's business.

241.     None of the actions of Sean Cavanaugh alleged in the Perlik Action were within the scope of his employment or were part of his duties related to Vitality's business.

242.     Sean Cavanaugh does not qualify as an insured under the Allstate Commercial Umbrella Policy.

243.     The Allstate Commercial Umbrella Policy bars coverage for the intentional acts of an insured.

244.     All of the acts alleged in the Complaint in the Perlik Action to have been committed by Sean Cavanaugh were intentional.

245.     Even if Sean Cavanaugh were an insured under the Allstate Commercial Umbrella Policy, coverage would be barred by the exclusion for the intentional acts of an insured.

246.     The Commercial Umbrella policy also bars coverage for bodily injury arising out of the failure to provide professional services.

247.     To the extent that it is alleged that Sean Cavanaugh failed to provide Sarah Perlik with professional services, coverage for the Perlik Action is barred by the professional services exclusion.

248.     The Commercial Umbrella policy also bars coverage for bodily injury or property damage arising out of the abuse or molestation of any person while in the care, custody or control of any insured.

249.     At the time of the incidents in the Complaint, Sarah Perlik was Sean Cavanaugh's, Vitality and/or Mitchell Cabisudo's patient and as such, was in their care, custody or control.

250.     Even if Sean Cavanaugh were an insured person under the Commercial Umbrella policy coverage for him would be barred by the exclusion for abuse or molestation.

251.     The claims of Sarah Perlik are outside the scope of coverage and/or excluded under the Allstate Commercial Umbrella Policy

252.     Allstate timely and properly denied and disclaimed coverage to Sean Cavanaugh under the Allstate Commercial Umbrella Policy.

253.     Allstate requests an Order from this Court declaring and adjudging that under and pursuant to the terms of the Allstate Commercial Umbrella Policy, that Allstate does not have an obligation to provide coverage for the defense and indemnification of Sean Cavanaugh in the Perlik Action.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION

**(No Coverage under the Businessowners' Policy for Vitality
for the Sarah Perlik Action)**

254.     Allstate repeats, reiterates and realleges each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

255.     Sarah Perlik claims Sean Cavanaugh committed acts within the scope of his employment and in furtherance of his employment with Vitality.

256.     To the extent that the alleged actions of Sean Cavanaugh were within the scope of his employment, there is no coverage available for Vitality under the Allstate Businessowners' Policy.

257.     The Businessowners' policy also bars coverage for bodily injury arising out of the failure to provide professional services.

258.     In her complaint, Sarah Perlik alleges that Vitality negligently hired, retained and supervised Sean Cavanaugh during his employment with Vitality and with respect to his treatment of female patients.

259.     Hiring, retaining and supervising employees are part of the business of providing psychological services and are therefore considered professional services.

260.     To the extent that it is alleged that Vitality or Mitchell Cabisudo failed to render professional services to Sarah Perlik, coverage for the Sarah Perlik Action is barred by the professional services exclusion.

261.     Coverage for the defense and indemnification of Vitality is barred by the exclusion in the Businessowners' Policy for bodily injury arising out of the professional services of an insured.

262.     The Businessowners' policy also bars coverage for bodily injury or property damage arising out of the abuse or molestation of any person while in the care, custody or control of any insured.

263.    The Businessowners' policy also bars coverage for the negligent employment, investigation, supervision, reporting to authorities and retention of a person who commits abuse and molestation of someone in the care, custody or control of an insured.

264.    At the time of the incidents in the Complaint, Sarah Perlik was Sean Cavanaugh's, Vitality and/or Mitchell Cabisudo's patient and as such, in their care, custody or control.

265.    The complaint in the Perlik Action alleges that Mitchell Cabisudo and Vitality negligently hired, retained and supervised Sean Cavanaugh, who allegedly sexually abused and molested the Plaintiff.

266.    The claims of Sarah Perlik are outside the scope of coverage and/or excluded under the Allstate Commercial Umbrella Policy

267.    Allstate timely and properly denied and disclaimed coverage to Mitchell Cabisudo and Vitality under the Allstate Businessowners' Policy.

268.    Allstate requests an Order from this Court declaring and adjudging that under and pursuant to the terms of the Allstate Businessowners' Policy, that Allstate does not have an obligation to provide coverage for the allegations in the Perlik Action against Mitchell Cabisudo and Vitality.

## AS AND FOR A TWELFTH CAUSE OF ACTION

### (No Coverage under the Commercial Umbrella Policy for Vitality for the Sarah Perlik Action)

269.    Allstate repeats, reiterates and realleges each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

270.    The Allstate Commercial Umbrella Policy only provides coverage to insured persons for bodily injury or property damage to which the coverage applies.

271.    The claims made by Sarah Perlik allege emotional and psychological injuries.

272.    In order for emotional injuries to qualify as "bodily injury" as that term is defined in the Allstate Commercial Umbrella Policy, they must result from a physical injury.

273.    The injuries claimed by Sarah Perlik do not constitute bodily injury or property damage as those terms are defined in the Allstate Commercial Umbrella Policy.

274.    The Commercial Umbrella policy also bars coverage for bodily injury arising out of the failure to provide professional services.

275.    In her complaint, Sarah Perlik alleges that Vitality negligently hired, retained and supervised Sean Cavanaugh during his employment with Vitality and with respect to his treatment of female patients.

276.    Hiring, retaining and supervising employees are part of the business of providing psychological services and are therefore considered professional services.

277.    Coverage for the defense and indemnification of Mitchell Cabisudo and Vitality is barred by the exclusion in the Commercial Umbrella Policy for bodily injury arising out of the professional services of any insured.

278.    The Commercial Umbrella policy also bars coverage for bodily injury or property damage arising out of the abuse or molestation of any person while in the care, custody or control of any insured.

279.    The Commercial Umbrella policy also bars coverage for the negligent employment, investigation, supervision, reporting to authorities and retention of a person who commits abuse and molestation of someone in the care, custody or control of an insured.

280.    At the time of the incidents in the Complaint, Sarah Perlik was Sean Cavanaugh's, Vitality and/or Mitchell Cabisudo's patient and as such, in their care, custody or control.

281.     The complaint in the Sarah Perlik Action alleges that Vitality negligently hired, retained and supervised Sean Cavanaugh, who allegedly sexually abused and molested the Plaintiff.

282.     The claims of Sarah Perlik are outside the scope of coverage and/or excluded under the Allstate Commercial Umbrella Policy

283.     Allstate timely and properly denied and disclaimed coverage to Vitality under the Allstate Commercial Umbrella Policy.

284.     Allstate requests an Order from this Court declaring and adjudging that under and pursuant to the terms of the Allstate Commercial Umbrella Policy, that Allstate does not have an obligation to provide coverage for the allegations in the Sarah Perlik Action against Vitality.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION

### (No Coverage under the Businessowners' Policy for Sean Cavanaugh for the Jessica Schaefer Action)

285.     Allstate repeats, reiterates and realleges each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

286.     The Allstate Businessowners Policy only provides coverage for the liability of insured persons for bodily injury or property damage to which the insurance applies.

287.     An employee is only considered to be an "insured" for acts within the scope of his or her employment with the named insured or while performing duties related to the conduct of the named insured's business.

288.     The allegations against Sean Cavanaugh in the Schaefer Action consist of acts that were outside the scope of Sean Cavanaugh's employment and were not part of his duties related to the conduct of Vitality's business.

289. Sean Cavanaugh does not qualify as an "insured" as that term is defined in the Allstate Businessowners' Policy.

290. Additionally, the acts alleged do not constitute an "Occurrence" as that term is defined by the Allstate policy.

291. Additionally, the Allstate Businessowners' Policy contains an exclusion for bodily injury or property damage arising out of the intentional acts of an insured.

292. All of the allegations against Sean Cavanaugh in the Schaefer Action were for intentional acts.

293. Even if Sean Cavanaugh were an insured under the Allstate Businessowners' Policy, coverage would be barred by the exclusion for the intentional acts of an insured.

294. The Businessowners' policy also bars coverage for bodily injury arising out of the failure to provide professional services.

295. In her complaint, Jessica Schaefer alleges that Vitality and Mitchell Cabisudo failed to provide her with an appropriate standard of care and failed to enforce rules for examinations of patients and procedures for reporting and handling of abusive treatment.

296. Implementing rules and procedures for the conduct of physical examinations, providing proper reporting of abuse and providing an appropriate standard of care are part of the business of providing psychological services and are therefore considered professional services.

297. To the extent that it is alleged that Sean Cavanaugh failed to provide professional services to Jessica Schaefer, coverage for the Schaefer Action is barred by the professional services exclusion.

298.     The Businessowners policy also bars coverage for bodily injury or property damage arising out of the abuse or molestation of any person while in the care, custody or control of any insured.

299.     At the time of the incidents in the Complaint, Jessica Schaefer was Sean Cavanaugh's, Vitality and/or Mitchell Cabisudo's patient and as such, was in his care, custody or control.

300.     Even if Sean Cavanaugh were an insured person under the Businessowners' policy coverage for him would be barred by the exclusion for abuse or molestation.

301.     The claims of Sarah Perlik are outside the scope of coverage and/or excluded under the Allstate Commercial Umbrella Policy

302.     Allstate timely and properly denied and disclaimed coverage to Sean Cavanaugh under the Allstate Businessowners' Policy.

303.     Allstate requests an Order from this Court declaring and adjudging that under and pursuant to the terms of the Allstate Businessowners' Policy, that Allstate does not have an obligation to provide coverage for the allegations in the Schaefer Action against Sean Cavanaugh.

## AS AND FOR A FOURTEENTH CAUSE OF ACTION

### (No Coverage under the Commercial Umbrella Policy for Sean Cavanaugh for the Jessica Schaefer Action)

304.     Allstate repeats, reiterates and realleges each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

305.     The Allstate Commercial Umbrella Policy only provides coverage to insured persons for bodily injury or property damage to which the coverage applies.

306.     The claims made by Jessica Schaefer allege emotional and psychological injuries.

307.     In order for emotional injuries to qualify as "bodily injury" as that term is defined in the Allstate Commercial Umbrella Policy, they must result from a physical injury.

308.     Additionally, the acts alleged do not constitute an "Occurrence" as that term is defined by the Allstate Commercial Umbrella Policy.

309.     The injuries claimed by Jessica Schaefer do not constitute bodily injury or property damage arising out of an occurrence, as those terms are defined in the Allstate Commercial Umbrella Policy.

310.     Additionally, the Allstate Commercial Umbrella Policy only provides coverage for the liability of an insured person.

311.     Under the Allstate Commercial Umbrella Policy, an employee of the named insured is only considered an "insured" for acts within the scope of his or her employment with the insured or while performing duties related to the conduct of the named insured's business.

312.     None of the actions of Sean Cavanaugh claimed by Jessica Schaefer were within the scope of his employment or were part of his duties related to Vitality's business.

313.     Sean Cavanaugh does not qualify as an insured under the Allstate Commercial Umbrella Policy.

314.     The Allstate Commercial Umbrella Policy bars coverage for the intentional acts of an insured.

315.     All of the acts claimed by Jessica Schaefer to have been committed by Sean Cavanaugh were intentional.

316.     Even if Sean Cavanaugh were an insured under the Allstate Commercial Umbrella Policy, coverage would be barred by the exclusion for the intentional acts of an insured.

317.     The Allstate Commercial Umbrella Policy also bars coverage for bodily injury arising out of the failure to provide professional services.

318.     In her complaint, Jessica Schaefer alleges that Vitality and Mitchell Cabisudo failed to provide her with an appropriate standard of care and failed to enforce rules for examinations of patients and procedures for reporting and handling of abusive treatment.

319.     Implementing rules and procedures for the conduct of physical examinations, providing proper reporting of abuse and providing an appropriate standard of care are part of the business of providing psychological services and are therefore considered professional services.

320.     To the extent that it is alleged that Sean Cavanaugh failed to provide professional services to Jessica Schaefer, coverage for the Jessica Schaefer Action is barred by the professional services exclusion.

321.     The Allstate Commercial Umbrella Policy also bars coverage for bodily injury or property damage arising out of the abuse or molestation of any person while in the care, custody or control of any insured.

322.     At the time of the incidents in the Complaint, Jessica Schaefer was Sean Cavanaugh's, Vitality and/or Mitchell Cabisudo's patient and as such, was their care, custody or control.

323.     Even if Sean Cavanaugh were an insured person under the Allstate Commercial Umbrella Policy coverage for him would be barred by the exclusion for abuse or molestation.

324.     The claims of Jessica Schaefer are outside the scope of coverage and/or excluded under the Allstate Commercial Umbrella Policy.

325.     Allstate timely and properly denied and disclaimed coverage to Sean Cavanaugh under the Allstate Commercial Umbrella Policy.

326.    Allstate requests an Order from this Court declaring and adjudging that under and pursuant to the terms of the Allstate Commercial Umbrella Policy, that Allstate does not have an obligation to provide coverage for the allegations against Sean Cavanaugh in the Schaefer action.

## AS AND FOR A FIFTEENTH CAUSE OF ACTION

### (No Coverage under the Businessowners' Policy for Vitality and Mitchell Cabisudo for the Jessica Schaefer Action)

327.    Allstate repeats, reiterates and realleges each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

328.    Jessica Schaefer claims that Vitality and Mitchell Cabisudo are liable for the actions of Sean Cavanaugh, since they hired, retained, supervised him.

329.    To the extent that the alleged actions of Sean Cavanaugh were within the scope of his employment, there is no coverage available for Vitality and Mitchell Cabisudo under the Allstate Businessowners' Policy.

330.    The Businessowners' policy also bars coverage for bodily injury arising out of the failure to provide professional services.

331.    In her complaint, Jessica Schaefer alleges that Vitality and Mitchell Cabisudo failed to provide her with an appropriate standard of care and failed to enforce rules for examinations of patients and procedures for reporting and handling of abusive treatment.

332.    Implementing rules and procedures for the conduct of physical examinations, providing proper reporting of abuse and providing an appropriate standard of care are part of the business of providing psychological services and are therefore considered professional services.

333.    To the extent that it is alleged that Vitality or Mitchell Cabisudo failed to render professional services to Jessica Schaefer, coverage for the Jessica Schaefer Action is barred by the professional services exclusion.

334.    Coverage for the defense and indemnification of Mitchell Cabisudo and Vitality is barred by the exclusion in the Businessowners' Policy for bodily injury arising out of the professional services of an insured.

335.    The Businessowners' policy also bars coverage for bodily injury or property damage arising out of the abuse or molestation of any person while in the care, custody or control of any insured.

336.    The Businessowners' policy also bars coverage for the negligent employment, investigation, supervision, reporting to authorities and retention of a person who commits abuse and molestation of someone in the care, custody or control of an insured.

337.    At the time of the incidents in the Complaint, Jessica Schaefer was Sean Cavanaugh's, Vitality and/or Mitchell Cabisudo's patient and as such, in their care, custody or control.

338.    The complaint in the Jessica Schaefer Action alleges that Mitchell Cabisudo and Vitality negligently hired, retained and supervised Sean Cavanaugh, who allegedly sexually abused and molested the Plaintiff.

339.    The claims of Jessica Schaefer are outside the scope of coverage and/or excluded under the Allstate Commercial Umbrella Policy

340.    Allstate timely and properly denied and disclaimed coverage to Mitchell Cabisudo and Vitality under the Allstate Businessowners' Policy.

341.     Allstate requests an Order from this Court declaring and adjudging that under and pursuant to the terms of the Allstate Businessowners' Policy, that Allstate does not have an obligation to provide coverage for the allegations in the Schaefer Action against Mitchell Cabisudo and Vitality.

## AS AND FOR A SIXTEENTH CAUSE OF ACTION

### (No Coverage under the Commercial Umbrella Policy for Vitality and Mitchell Cabisudo for the Jessica Schaefer Action)

342.     Allstate repeats, reiterates and realleges each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

343.     The Allstate Commercial Umbrella Policy only provides coverage to insured persons for bodily injury or property damage to which the coverage applies.

344.     The claims made by Jessica Schaefer allege emotional and psychological injuries.

345.     In order for emotional injuries to qualify as "bodily injury" as that term is defined in the Allstate Commercial Umbrella Policy, they must result from a physical injury.

346.     The injuries claimed by Jessica Schaefer do not constitute bodily injury or property damage as those terms are defined in the Allstate Commercial Umbrella Policy.

347.     The Commercial Umbrella policy also bars coverage for bodily injury arising out of the failure to provide professional services.

348.     In her complaint, Jessica Schaefer alleges that Vitality and Mitchell Cabisudo failed to provide her with an appropriate standard of care and failed to enforce rules for examinations of patients and procedures for reporting and handling of abusive treatment.

349.     Implementing rules and procedures for the conduct of physical examinations, providing proper reporting of abuse and providing an appropriate standard of care are part of the business of providing psychological services and are therefore considered professional services.

350.     Coverage for the defense and indemnification of Vitality and Mitchell Cabisudo is barred by the exclusion in the Commercial Umbrella Policy for bodily injury arising out of the professional services of an insured.

351.      The Commercial Umbrella policy also bars coverage for bodily injury or property damage arising out of the abuse or molestation of any person while in the care, custody or control of an insured.

352.     The Commercial Umbrella policy also bars coverage for the negligent employment, investigation, supervision, reporting to authorities and retention of a person who commits abuse and molestation of someone in the care, custody or control of an insured.

353.     At the time of the incidents in the Complaint, Jessica Schaefer was Sean Cavanaugh's, Vitality and/or Mitchell Cabisudo's patient and as such, in their care, custody or control.

354.     The complaint in the Jessica Schaefer Action alleges that Mitchell Cabisudo and Vitality negligently hired, retained and supervised Sean Cavanaugh, who allegedly sexually abused and molested the Plaintiff.

355.     The claims of Jessica Schaefer are outside the scope of coverage and/or excluded under the Allstate Commercial Umbrella Policy

356.     Allstate timely and properly denied and disclaimed coverage to Mitchell Cabisudo and Vitality under the Allstate Commercial Umbrella Policy.

357.    Allstate requests an Order from this Court declaring and adjudging that under and pursuant to the terms of the Allstate Commercial Umbrella Policy, that Allstate does not have an obligation to provide coverage for the allegations in the Schaefer Action against Mitchell Cabisudo and Vitality.

## AS AND FOR A SEVENTEENTH CAUSE OF ACTION

**(No Coverage under the Businessowners' Policy for Sean Cavanaugh
for the Danielle Semisa Action)**

358.    Allstate repeats, reiterates and realleges each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

359.    The Allstate Businessowners Policy only provides coverage for the liability of insured persons for bodily injury or property damage to which the insurance applies.

360.    An employee is only considered to be an "insured" for acts within the scope of his or her employment with the named insured or while performing duties related to the conduct of the named insured's business.

361.    The allegations against Sean Cavanaugh in the Danielle Semisa Action consist of acts that were outside the scope of Sean Cavanaugh's employment and were not part of his duties related to the conduct of Vitality's business.

362.    Sean Cavanaugh does not qualify as an "insured" as that term is defined in the Allstate Businessowners' Policy.

363.    Additionally, the acts alleged do not constitute an "Occurrence" as that term is defined by the Allstate Businessowners' Policy.

364.    Additionally, the Allstate Businessowners' Policy contains an exclusion for bodily injury or property damage arising out of the intentional acts of an insured.

365.    All of the allegations against Sean Cavanaugh in the Danielle Semisa Action were for intentional acts.

366.    Even if Sean Cavanaugh were an insured under the Allstate Businessowners' Policy, coverage would be barred by the exclusion for the intentional acts of an insured.

367.    The Businessowners' policy also bars coverage for bodily injury arising out of the failure to provide professional services.

368.    To the extent that it is alleged that Sean Cavanaugh failed to provide professional services to Danielle Semisa, coverage for the Danielle Semisa Action is barred by the professional services exclusion.

369.    The Businessowners policy also bars coverage for bodily injury or property damage arising out of the abuse or molestation of any person while in the care, custody or control of any insured.

370.    At the time of the incidents in the Complaint, Danielle Semisa was Sean Cavanaugh's, Vitality and/or Mitchell Cabisudo's patient and as such, was in their care, custody or control.

371.    Even if Sean Cavanaugh were an insured person under the Businessowners' policy coverage for him would be barred by the exclusion for abuse or molestation.

372.    The claims of Danielle Semisa are outside the scope of coverage and/or excluded under the Allstate Commercial Umbrella Policy

373.    Allstate timely and properly denied and disclaimed coverage to Sean Cavanaugh under the Allstate Businessowners' Policy.

374.    Allstate requests an Order from this Court declaring and adjudging that under and pursuant to the terms of the Allstate Businessowners' Policy, that Allstate does not have an obligation to provide coverage for the allegations in the Semisa Action against Sean Cavanaugh.

## AS AND FOR AN EIGHTEENTH CAUSE OF ACTION

**(No Coverage under the Commercial Umbrella Policy for Sean Cavanaugh for the Danielle Semisa Action)**

375.    Allstate repeats, reiterates and realleges each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

376.    The Allstate Commercial Umbrella Policy only provides coverage to insured persons for bodily injury or property to which the coverage applies.

377.    The claims made by Danielle Semisa allege emotional and psychological injuries.

378.    In order for emotional injuries to qualify as "bodily injury" as that term is defined in the Allstate Commercial Umbrella Policy, they must result from a physical injury.

379.    Additionally, the acts alleged do not constitute an "Occurrence" as that term is defined by the Allstate Commercial Umbrella Policy.

380.    The injuries claimed by Danielle Semisa do not constitute bodily injury or an occurrence, as those terms are defined in the Allstate Commercial Umbrella Policy.

381.    Additionally, the Allstate Commercial Umbrella Policy only provides coverage for the liability of an insured person.

382.    Under the Allstate Commercial Umbrella Policy, an employee of the named insured is only considered an "insured" for acts within the scope of his or her employment with the insured or while performing duties related to the conduct of the named insured's business.

383.   None of the actions of Sean Cavanaugh claimed by Danielle Semisa were within the scope of his employment or were part of his duties related to Vitality's business.

384.   Sean Cavanaugh does not qualify as an insured under the Allstate Commercial Umbrella Policy.

385.   The Allstate Commercial Umbrella Policy bars coverage for the intentional acts of an insured.

386.   All of the acts claimed by Danielle Semisa to have been committed by Sean Cavanaugh were intentional.

387.   Even if Sean Cavanaugh were an insured under the Allstate Commercial Umbrella Policy, coverage would be barred by the exclusion for the intentional acts of an insured.

388.   The Allstate Commercial Umbrella Policy also bars coverage for bodily injury arising out of the failure to provide professional services.

389.   To the extent that it is alleged that Sean Cavanaugh failed to provide professional services to Danielle Semisa, coverage for the Danielle Semisa Action is barred by the professional services exclusion.

390.   The Allstate Commercial Umbrella Policy also bars coverage for bodily injury or property damage arising out of the abuse or molestation of any person while in the care, custody or control of any insured.

391.   At the time of the incidents in the Complaint, Danielle Semisa was Sean Cavanaugh's, Vitality and/or Mitchell Cabisudo's patient and as such, was their care, custody or control.

392.   Even if Sean Cavanaugh were an insured person under the Allstate Commercial Umbrella Policy coverage for him would be barred by the exclusion for abuse or molestation.

393.    The claims of Danielle Semisa are outside the scope of coverage and/or excluded under the Allstate Commercial Umbrella Policy.

394.    Allstate timely and properly denied and disclaimed coverage to Sean Cavanaugh under the Allstate Commercial Umbrella Policy.

395.    Allstate requests an Order from this Court declaring and adjudging that under and pursuant to the terms of the Allstate Commercial Umbrella Policy, that Allstate does not have an obligation to provide coverage for the Semisa Action against Sean Cavanaugh.

## AS AND FOR A NINETEENTH CAUSE OF ACTION

### (No Coverage under the Businessowners' Policy for Vitality and Mitchell Cabisudo for the Danielle Semisa Action)

396.    Allstate repeats, reiterates and realleges each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

397.    Danielle Semisa claims that Vitality and Mitchell Cabisudo are liable for the actions of Sean Cavanaugh, since they hired, retained, supervised him.

398.    To the extent that the alleged actions of Sean Cavanaugh were within the scope of his employment, there is no coverage available for Vitality and Mitchell Cabisudo under the Allstate Businessowners' Policy.

399.    The Businessowners' policy also bars coverage for bodily injury arising out of the failure to provide professional services.

400.    In her complaint, Danielle Semisa alleges that Mitchell Cabisudo and Vitality negligently hired, retained and supervised Sean Cavanaugh during his employment with Vitality and with respect to his treatment of female patients.

401.    Hiring, retaining and supervising employees are part of the business of providing psychological services and are therefore considered professional services.

402.    To the extent that it is alleged that Vitality or Mitchell Cabisudo failed to render professional services to Danielle Semisa, coverage for the Semisa Action is barred by the professional services exclusion.

403.    Coverage for the defense and indemnification of Mitchell Cabisudo and Vitality is barred by the exclusion in the Businessowners' Policy for bodily injury arising out of the professional services of an insured.

404.    The Businessowners' policy also bars coverage for bodily injury or property damage arising out of the abuse or molestation of any person while in the care, custody or control of any insured.

405.    The Businessowners' policy also bars coverage for the negligent employment, investigation, supervision, reporting to authorities and retention of a person who commits abuse and molestation of someone in the care, custody or control of an insured.

406.    At the time of the incidents in the Complaint, Danielle Semisa was Sean Cavanaugh's, Vitality and/or Mitchell Cabisudo's patient and as such, in their care, custody or control.

407.    The complaint in the Danielle Semisa Action alleges that Mitchell Cabisudo and Vitality negligently hired, retained and supervised Sean Cavanaugh, who allegedly sexually abused and molested the Plaintiff.

408.    The claims of Danielle Semisa are outside the scope of coverage and/or excluded under the Allstate Commercial Umbrella Policy

409.    Allstate timely and properly denied and disclaimed coverage to Mitchell Cabisudo and Vitality under the Allstate Businessowners' Policy.

410.    Allstate requests an Order from this Court declaring and adjudging that under and pursuant to the terms of the Allstate Businessowners' Policy, that Allstate does not have an obligation to provide coverage for the allegations in the Semisa Action against Mitchell Cabisudo and Vitality.

## AS AND FOR A TWENTIETH CAUSE OF ACTION

### (No Coverage under the Commercial Umbrella Policy for Vitality and Mitchell Cabisudo for the Danielle Semisa Action)

411.    Allstate repeats, reiterates and realleges each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

412.    The Allstate Commercial Umbrella Policy only provides coverage to insured persons for bodily injury or property damage to which the coverage applies.

413.    The claims made by Danielle Semisa allege emotional and psychological injuries.

414.    In order for emotional injuries to qualify as "bodily injury" as that term is defined in the Allstate Commercial Umbrella Policy, they must result from a physical injury.

415.    The injuries claimed by Danielle Semisa do not constitute bodily injury or property damage as those terms are defined in the Allstate Commercial Umbrella Policy.

416.    The Commercial Umbrella policy also bars coverage for bodily injury arising out of the failure to provide professional services.

417.    To the extent that it is alleged that Sean Cavanaugh failed to provide the appropriate standard of care for Danielle Semisa, coverage for the Semisa Action is barred by the professional services exclusion.

418.    Coverage for the defense and indemnification of Mitchell Cabisudo and Vitality is barred by the exclusion in the Commercial Umbrella Policy for bodily injury arising out of the professional services of any insured.

419.    The Commercial Umbrella policy also bars coverage for bodily injury or property damage arising out of the abuse or molestation of any person while in the care, custody or control of an insured.

420.    The Commercial Umbrella policy also bars coverage for the negligent employment, investigation, supervision, reporting to authorities and retention of a person who commits abuse and molestation of someone in the care, custody or control of an insured.

421.    At the time of the incidents in the Complaint, Danielle Semisa was Sean Cavanaugh's, Vitality and/or Mitchell Cabisudo's patient and as such, in their care, custody or control.

422.    The complaint in the Danielle Semisa Action alleges that Mitchell Cabisudo and Vitality negligently hired, retained and supervised Sean Cavanaugh, who allegedly sexually abused and molested the Plaintiff.

423.    The claims of Danielle Semisa are outside the scope of coverage and/or excluded under the Allstate Commercial Umbrella Policy

424.    Allstate timely and properly denied and disclaimed coverage to Mitchell Cabisudo and Vitality under the Allstate Commercial Umbrella Policy.

425.    Allstate requests an Order from this Court declaring and adjudging that under and pursuant to the terms of the Allstate Commercial Umbrella Policy, that Allstate does not have an obligation to provide coverage for the allegations in the Semisa Action against Mitchell Cabisudo and Vitality.

## AS AND FOR A TWENTY-FIRST CAUSE OF ACTION

426.    Allstate repeats, reiterates and realleges each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

427.    Plaintiffs in the underlying actions demand punitive damages against the Defendants.

428.    New York law is clear that it is against public policy to provide insurance coverage for punitive damages.

429.    There is no coverage under the Allstate policies for the claims for punitive damages against Vitality, Mitchell Cabisudo and Sean Cavanaugh.

430.    Allstate requests an Order from this Court declaring and adjudging that under and pursuant to the terms of the Allstate Businessowners' and Commercial Umbrella Policies, Allstate does not have an obligation to defend or indemnify Vitality, Mitchell Cabisudo or Sean Cavanaugh for the demands for punitive damages in the underlying actions.

431.    The Plaintiff has no adequate remedy at law.

WHEREFORE, it is respectfully requested that this Court issue an Order declaring and adjudging:

a.    Allstate is not contractually obligated to provide insurance coverage under the Allstate Businessowners' Policy to Vitality, Sean Cavanaugh or Mitchell Cabisudo for the claims made by Patricia Murphy in or in the actions brought by Jane Doe, Sarah Perlik, Jessica Schaefer and Danielle Semisa;

b.    Allstate is permitted to have assigned counsel withdraw from the defense of Vitality and Mitchell Cabisudo in the Jane Doe Action;

c.   For such other and further relief as this Court deems just and proper.

Dated:  Islandia, New York
         May 28, 2020

Yours, etc.,

LEWIS JOHS AVALLONE AVILES, LLP

_____
Rosa M. Feeney, Esq.
***Attorneys for Plaintiffs***
One CA Plaza, Suite 225
Islandia, New York 11749
Tel:     (631) 755-0101
Fax:     (631) 755-0117
LJAA File No.: